IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MOHAMMAD CHORAZGHIAZAD )
)
    v. ) NO. 3:06-0403
)
THE CITY OF MOUNT JULIET, et al. )

To: Honorable Robert L. Echols, District Judge

# REPORT AND RECOMMENDATION

By order entered May 8, 2006 (Docket Entry No. 5), the Court referred this action to the Magistrate Judge, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 636(b)(1)(A) and (B), for consideration of all pretrial matters and reports and recommendations on all dispositive motions.

Presently pending before the Court is Plaintiff's motion to remand (filed May 10, 2006; Docket Entry No. 7), to which Defendants have filed a response in opposition (Docket Entry No. 10). For the reasons set out below, the Court recommends that the motion to remand be denied.

## ANALYSIS

Plaintiff originally filed this action in the Circuit Court for Wilson County, Tennessee. A notice of removal of the action to the United States District Court for the Middle District of Tennessee was filed by Defendants on April 22, 2006, and the action was removed to this Court. See Docket Entry No. 2.

In his motion to remand the action back to the state court, Plaintiff contends that his action concerns issues of state, not federal law, and that the United States Court of Appeals for the Sixth Circuit determined, in a ruling on an appeal filed in prior cases from this Court, that there is no federal question involved in his case.

In their response in opposition to the motion to remand, Defendants assert that, in the complaint filed in the instant action, Plaintiff specifically alleges that federal statutes and the United States Constitution were violated by Defendants and, thus, Plaintiff asserts federal claims. As such, Defendants assert that removal of the action was appropriate under 28 U.S.C. §§ 1441(a) and (b) and 28 U.S.C. § 1443.

Plaintiff's motion to remand lacks merit. Defendants are correct that the plain language of Plaintiff's complaint sets out federal claims over which this Court has original jurisdiction under 28 U.S.C. § 1331. Removal under 28 U.S.C. §§ 1441 and 1443 is appropriate. If Plaintiff's intent was to only set out claims of state law violations, the complaint he filed simply does not reflect this.[1]

# R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that the motion to remand (Docket Entry No. 7) be DENIED.[2]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific

---

[1] Also pending are Plaintiff's motion for recusal (Docket Entry No. 8) and Defendants' motion to dismiss (Docket Entry No. 11), to which Plaintiff has not yet responded.

[2] In accordance with Vogel v. U.S. Office Products Co., 258 F.3d 509 (6th Cir. 2001), the Magistrate Judge has construed the motion to remand as a dispositive motion.

portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                         Respectfully submitted,

                                         _____
                                         JULIET GRIFFIN
                                         United States Magistrate Judge