UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MOHAMMED CHORAZGHIAZAD, )
)
    Plaintiff, )
)
     v. )   NO. 3:06-0403
)
CITY OF MOUNT JULIET, et al., )   Judge Echols/Bryant
)   **Jury Demand**
    Defendants. )

**TO: The Honorable Robert L. Echols**

### REPORT AND RECOMMENDATION

By order entered May 8, 2006, the District Judge referred this case to the Magistrate Judge for consideration of all pretrial matters and reports and recommendations on all dispositive motions (Docket Entry No. 5). Thereafter this case was reassigned by Magistrate Judge Griffin to the undersigned (Docket Entry No. 31).

Pending before the Court are Defendants' Motion To Dismiss (Docket Entry No. 11) and Supplemental Motion To Dismiss of Defendants John Gwin, Rick Risner and Lawrence Wilson (Docket Entry No. 17). For the reasons stated below, the undersigned **RECOMMENDS** that these motions be **GRANTED** and the complaint **DISMISSED**.

**The complaint**. This civil action was initially filed in the Circuit Court for Wilson County and thereafter removed by the defendants to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction of related state law claims, 28 U.S.C. § 1367. Plaintiff, proceeding pro se, has named as defendants the City of Mount Juliet and a host

of individuals who were or are employees or elected officials of the city, and he has asserted federal claims under Title 42, United States Code, Sections 1983, 1985, 1986 and 1988, the fourth, fifth, eighth, thirteenth and fourteenth amendments to the United States Constitution, and the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 et seq. In addition, he lists supplemental state claims under Article I of the Tennessee Constitution, the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401, and the common law claim of "malicious harassment."[1]

In summary, plaintiff alleges that in August and September 2002, defendants Mofield and Heriges entered his property without notice or permission and issued a total of 79 citations against plaintiff for alleged violations of the Mt. Juliet city code. Plaintiff further alleges that in February 2003 defendants Mofield and Cunningham again entered plaintiff's property, issued twelve additional citations for code violations, assaulted plaintiff and wrongfully detained him. Plaintiff further alleges that defendants Wilson and Gwin, then the Mt. Juliet city attorney and city judge, respectively, wrongfully prosecuted him for alleged violations of the city code with the illegal and improper purpose of "running Plaintiff out of town." Finally, the complaint alleges that in February 2006 defendant Crosslin, a city police officer, issued a "false" traffic ticket to plaintiff and defendants Moccio and

---

[1]The complaint also lists the crime of civil rights intimidation as defined by Tenn. Code Ann. § 39-17-309. However, this is a criminal statute and not a cause of action in a civil case.

2

Case 3:06-cv-00403   Document 46   Filed 03/01/07   Page 2 of 7 PageID #: 184

Mofield "trespassed on Plaintiff's residence and Ran all of his tags." (Complaint, ¶ 40). Plaintiff seeks money damages, both compensatory and punitive, and injunctive relief.

**The motions to dismiss**. Defendants have moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. As grounds for their motions defendants argue: (1) that the allegations of the complaint do not establish viable legal claims against the defendants; (2) that the claims are barred by the statute of limitations; (3) that the claims are barred by the doctrines of issue preclusion and claim preclusion arising from the disposition of earlier litigation among these parties; and (4) that the claims against defendants Gwin, Risner and Wilson are subject to the defenses of judicial, quasi-judicial and prosecutorial immunity.

## Analysis

Under Rule 12(b)(6), a complaint may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court is obligated to construe the complaint liberally in the plaintiff's favor and accept all its factual allegations and inferences as true. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994). In particular, pro se complaints are to be construed liberally, Boag v. MacDougall, 454 U.S. 364, 365 (1982), but courts have not been willing to abrogate

3

basic pleading essentials in pro se suits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

It appears that this is not the first lawsuit filed by Mr. Chorazghiazad against the City of Mt. Juliet and its elected officials and employees. On April 9, 2003, plaintiff filed case number 3:03-0305 naming as defendants the City of Mt. Juliet and City Judge John Gwin. This case alleged claims pursuant to 42 U.S.C. § 1983, among other things, based upon the same 79 citations for alleged violations of the city code as described in the complaint in this case. Also on April 9, 2003, Mr. Chorazghiazad filed case number 3:03-0306, also alleging claims against the City of Mt. Juliet, its police department and three city employees (Mofield, Cunningham and Heriges) relating to events surrounding the issuance of the 79 citations for violations of the city code. Finally, on April 16, 2003, Mr. Chorazghiazad filed case number 3:03-0339 against the City of Mt. Juliet and three employees and officials (Mofield, Wilson and Risner), alleging wrongful conduct by the defendants in the prosecution and enforcement of the same 79 citations for violations of the city code described in the previous two complaints, as well as in the complaint in this case. These three cases were consolidated under case number 3:03-0305 (Docket Entry No. 21 in 3:03-0305). By amendment to his complaint, plaintiff was granted leave to name as defendants additional city officials and employees (Cunningham, Heriges, Mofield, Wilson, Risner, Mack, Justice, Shearer and Franklin). (Docket Entry No. 43

4

in 3:03-0305). After considerable discovery, all defendants filed motions for summary judgment. The Court granted the defendants' motions for summary judgment on all federal claims, declined to retain supplemental jurisdiction over the related state claims and dismissed the state claims without prejudice (Docket Entry No. 211 in 3:03-0305). Plaintiff appealed, and the Sixth Circuit affirmed the district court (Docket Entry No. 218 in 3:03-0305).

Defendants assert that plaintiff's federal claims are barred by the doctrine of claim preclusion arising from his earlier lawsuits in this district. The undersigned agrees.

> The general rule of claim preclusion, or true res judicata, is that a valid and final judgment on a claim precludes a second action on that claim or any part of it. Claim preclusion applies not only to bar the parties from relitigating issues that were *actually* litigated but also to bar them from relitigating issues that *could have been* raised in an earlier action.

J.Z.G. Resources, Inc. v. Shelby Ins. Co., 84 F.3d 211, 214 (6th Cir. 1996)(emphasis in original) (citing Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597 (1948); Liona Corp. v. PCH Assocs., 949 F.2d 585, 594 (2d Cir. 1991); Westwood Chem. Co. v. Kulick, 656 F.2d 1224, 1227 (6th Cir. 1981)).

A comparison of the three complaints filed by Mr. Chorazghizad in 2003 to the complaint in this case demonstrates that the current complaint is based upon the same transactions – the same nucleus of operative facts – as the earlier suits; i.e., the issuance and prosecution of the citations for violations of the Mt.

5

Juliet city code. Although plaintiff in his current complaint adds a federal claim for violation of the RICO statute, there is no reason why that claim could not have been raised in the earlier actions. These claims are therefore barred by the doctrine of claim preclusion. Moreover, the only new factual assertions in the complaint appear in paragraphs 39 and 40 of the complaint: That in February 2006, plaintiff was issued a "false" traffic ticket and that two defendants "trespassed on his residence and Ran his tags." These two assertions fail to state a claim of violations of plaintiff's rights under the United States Constitution.

## **RECOMMENDATION**

For the reasons stated above, the undersigned hereby **RECOMMENDS** that defendants' motions to dismiss be **GRANTED**, that all federal claims in the complaint be **DISMISSED** with prejudice, and that the supplemental state law claims be **DISMISSED** without prejudice for lack of jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a

waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

**ENTERED** this 1st day of March, 2007.

<u>s/ John S. Bryant</u><br>
JOHN S. BRYANT<br>
United States Magistrate Judge