# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MOHAMMAD CHORAZGHIAZAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:06-0403 |
| ) | Judge Echols |
| ) | |
| CITY OF MOUNT JULIET, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on a Report and Recommendation (R & R) (Docket Entry No. 46) in which the Magistrate Judge recommends (1) granting Defendants' Motion to Dismiss (Docket Entry No. 11) and Supplemental Motion to Dismiss[1] (Docket Entry No. 17); (2) dismissing the federal causes of action with prejudice based upon res judicata grounds; and (3) declining to exercise supplemental jurisdiction over Plaintiff's state law claims and dismissing those claims without prejudice. Defendant has filed a "Notice of Objection" (Docket Entry No. 48) to the R & R.

When a party makes timely objections to a Report and Recommendation, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3). See, Fed.R.Civ.P. 72(b). That de novo review leads this Court to conclude that the R & R should be

---

[1] The Supplemental Motion to Dismiss was filed by Defendants John Gwin, Rick Risner and Lawrence Wilson.

1

approved.

This is an action, originally filed in the Circuit Court for Wilson County, Tennessee, in which Plaintiff alleges that his rights as secured by federal and state law were violated by the actions of the Defendants. Specifically, Plaintiff claims that the Defendants conspired to deprive Plaintiff of his rights under the Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendments to the United States Constitution. Additionally, Plaintiff alleges that Defendants violated his rights under the Equal Protection and Due Process clauses of the United States Constitution in violation of 42 U.S.C. §§ 1983, 1985(2) & (3) and 1986. (Complaint, ¶ IV. 1). The underpinnings of his Complaint are that the Defendants conspired to deprive him of his rights by entering onto his property without notice or permission to issue him 79 citations in late 2002 and early 2003 for alleged violations of the Mt. Juliet city code and subsequently prosecuting him for the alleged violations of the code. Plaintiff also claims that Defendant Crosslin, a city police officer, issued him a "false" traffic ticket and that two other officers went onto his property to run his license plates.

As the Magistrate Judge correctly observed, the events surrounding the citations for the alleged violations of the city code were litigated in three separate lawsuits filed by Plaintiff in 2003 which were consolidated and in which summary judgment was granted and affirmed on appeal. As such, res judicata bars the present action.

In his objection, Plaintiff suggests that he must have a valid federal claim because this case was removed to this Court from state court based upon federal question jurisdiction and his Motion to Remand was denied. However, in considering the Motion to Remand, this Court was concerned only with whether Plaintiff's Complaint alleged causes of action over which this Court had original jurisdiction under 28 U.S.C. § 1331, not whether those causes of action would survive a Motion to

2

Dismiss. This objection is overruled.

Plaintiff next claims in conclusory fashion that res judicata is not appropriate because "[t]hese parties are not the same, the cause of action is not the same, the issues are different and the 2003 case was not decided on the facts or the merits." (Docket Entry No. 49 at 2). Turning to the latter contention first, the earlier consolidated cases were in fact decided on their merits – summary judgment was granted. As for Plaintiff's other assertions, while Plaintiff in this action adds a RICO claim, there is no indication as to why this cause of action could not have been asserted in the previous complaints. As the Magistrate Judge correctly observed, res judicata applies not only to claims which were actually litigated in a previous suit, but also bars "'relitigating issues that <u>could have been</u> raised in an earlier action.'" (Docket Entry No. 46, <u>quoting</u>, <u>J.Z.G. Resources, Inc. v. Shelby Ins. Co.</u>, 84 F.3d 211, 214 (6th Cir. 1996)(emphasis in original)).

The only palpable difference between this case and the prior cases is Plaintiff's contention that he was "falsely" given a traffic ticket and police officers ran the tags on his car. Neither of these claims states a viable constitutional violation. <u>See</u>, <u>United States v. Ellison</u>, 462 F.3d 557, 560 (6th Cir. 2006)("a motorist has no reasonable expectation of privacy in the information contained on his license plates under the Fourth Amendment") ; <u>Gorenc v. City of Westland</u>, 72 Fed. Appx. 336, 339 (6th Cir. 2003)(plaintiff's section 1983 claim based upon allegedly unlawful receipt of traffic citation not cognizable until state traffic proceedings are resolved in his favor)

Accordingly, the R & R (Docket Entry No. 46) is hereby ACCEPTED, and Defendants' Motion to Dismiss (Docket Entry No. 11) and Supplemental Motion to Dismiss (Docket Entry No. 17) are hereby GRANTED. Plaintiff's federal claims are hereby DISMISSED WITH PREJUDICE and the supplemental state law claims are DISMISSED WITHOUT PREJUDICE in accordance with

3

Case 3:06-cv-00403   Document 51   Filed 03/27/07   Page 3 of 4 PageID #: 199

28 U.S.C. § 1367(c)(1).

Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

.

4